# Order

**Michigan Supreme Court**
**Lansing, Michigan**

October 2, 2020

Bridget M. McCormack,
Chief Justice

David F. Viviano,
Chief Justice Pro Tem

Stephen J. Markman
Brian K. Zahra
Richard H. Bernstein
Elizabeth T. Clement
Megan K. Cavanagh,
Justices

161127

*In re* R.J. WHISMAN, Minor.

SC: 161127
COA: 349933
St Joseph CC Family Division:
2013-001005-NA

_____/

By order of July 24, 2020, petitioner Department of Health and Human Services was directed to answer the application for leave to appeal the February 18, 2020 judgment of the Court of Appeals. On order of the Court, the answer having been received, the application for leave to appeal is again considered, and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court.

MCCORMACK, C.J. (*dissenting*).

I would peremptorily reverse the Court of Appeals and vacate the trial court's order terminating the respondent's parental rights. This father looks a lot like the father in *In re Mason*, 486 Mich 142 (2010), a case where we held that the trial court had clearly erred by terminating the respondent's parental rights.

We said in *Mason* that "a parent's past failure to provide care because of his incarceration . . . is not decisive." *Mason*, 486 Mich at 161. In concluding that the respondent wouldn't be able to provide proper care and custody within a reasonable time considering the child's age, I believe the referee focused unduly on his incarceration, contrary to *Mason*. The referee also relied on the respondent's extensive criminal record, but in *Mason* we also stated that "just as incarceration alone does not constitute grounds for termination, a criminal history alone does not justify termination." *Id*. at 165.

Once paternity was conclusively established, the respondent urged the Department of Health and Human Services to place the child (RW) with his mother, executed a delegation of parental authority and kept it current throughout the proceedings, provided his mother with all the documentation needed to care for RW, and spoke to RW by

telephone on several occasions. He also participated in services in prison. If incarceration alone is insufficient to justify termination of parental rights, as we held in *Mason*, it isn't clear to me there is much more this respondent could have done to provide proper care and custody for RW under the circumstances.

At the time of the termination hearing in December 2018, the respondent asserted he would be able to provide proper care and custody for RW in 12 months, assuming he was paroled in October 2019.[1] The referee nonetheless concluded that the respondent would be unable to provide proper care and custody for RW within a reasonable time because "[the lawyer-guardian ad litem (LGAL)] pointed out that, by the time that [the respondent] might be in a position to even think about providing care for [RW], she'd be five years old, perhaps older." But I see no place in the record where the LGAL said that, and to the extent that the referee relied on the respondent's criminal history and substance abuse to conclude that he couldn't provide care and custody for RW within a reasonable time, the referee's conclusions seem like mere speculation. See *Mason*, 486 Mich at 162 (concluding that "the court clearly erred by concluding, on the basis of [a foster-care worker's] largely unsupported opinion, that it would take at least six months for respondent to be ready to care for his children after he was released from prison").

Finally, the referee failed to give RW's placement with a relative proper weight as a factor counseling against termination. See *Mason*, 486 Mich at 163-164; MCL 712A.19a(8)(a).[2] Indeed, if anything the referee appears to have weighed the relative placement *in favor of termination* based on its observation that "[RW] has permanence with her paternal grandmother. It is that permanence that she deserves to have continued and it's on the [sic] basis that the Court finds that it would be in [RW]'s best interest for [the respondent's] parental rights to be terminated."

For these reasons, I respectfully dissent from the Court's order denying leave to appeal.

CAVANAGH, J., joins the statement of MCCORMACK, C.J.

---

[1] Respondent was in fact paroled in October 2019.

[2] When *Mason* was decided, this provision was codified at MCL 712A.19a(6)(a). See 2008 PA 200.



I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

October 2, 2020



Clerk

s0929